SUMMARY ORDER

Petitioner Hua Guang Lin, a native and citizen of China, seeks review of a March 12, 2008 order of the BIA affirming the March 29, 2006 decision of Immigration Judge (“IJ”) Paul A. DeFonzo denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Hua Guang Lin, No. A 200 026 233 (B.I.A. Mar. 12, 2008), aff'g No. A 200 026 233 (Immig. Ct. N.Y. City Mar. 29, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA agrees with the IJ’s conclusion that a petitioner is not credible and, without rejecting any of the IJ’s grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA’s and IJ’s opinions— or more precisely, the Court reviews the IJ’s decision including the portions not explicitly discussed by the BIA. Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). For asylum applications governed by the amendments to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(1)(B)(iii). We “defer therefore to an IJ’s credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling.” Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008) (per curiam).
As an initial matter, Lin does not address certain of the IJ’s credibility findings. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Accordingly, those unchallenged findings stand as valid bases for the IJ’s adverse credibility determination.[1] See Shunfu Li v. Mukasey, 529 F.3d 141, 146 (2d Cir.2008).
In concluding that Lin was not credible, the IJ properly found inconsistent Lin’s testimony regarding his and his wife’s reasoning for going into hiding during his wife’s fourth pregnancy. The IJ found that while Lin testified initially that they went into hiding because his wife’s fourth pregnancy was reported to family planning officials, he later testified that the reason the couple fled was because a relative warned them that family planning officials discovered the birth of their second child. While Lin attacks this finding as immaterial, under the REAL ID Act, “an IJ may rely on any inconsistency or omission in making an adverse credibility determination as long as the ‘totality of the circumstances’ establishes that an asylum applicant is not credible.” Xiu Xia Lin, 534 F.3d at 167. Moreover, because no reasonable factfinder would have been compelled to credit Lin’s explanation that dur *689 ing his merits hearing he had difficulty communicating about this topic with the IJ, the IJ properly relied on these inconsistencies to support his adverse credibility determination. See Majidi v. Gonzales, 480 F.3d 77, 81 (2d Cir.2005).
While we question the IJ’s reliance on the record of Lin’s interview with U.S. immigration officials at the border, we need not decide whether that record met the standard we discussed in Ramsameachire v. Ashcroft, 357 F.3d 169, 180 (2d Cir.2004). Ultimately, substantial evidence supported the IJ’s adverse credibility determination, and, thus, his denial of asylum, withholding of removal and CAT relief. See 8 U.S.C. § 1252(b)(4)(B); Paul v. Gonzales, 444 F.3d 148, 155-56 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

. First, the IJ found that while Lin testified that he went into hiding in March 2004, his asylum application indicates that he went into hiding in March 2005. Second, while Lin testified that one of the reasons that he went into hiding was because he received a telephone call from his relative, a letter from his wife omits this detail.